UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL F. MAIETTA,

               Plaintiff,

v.                                        **DECISION AND ORDER**
                                                17-CV-370S

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

1. Plaintiff Paul F. Maietta challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since April 16, 2012 due to severe depression, anxiety disorder, and a heart condition. Plaintiff contends that his impairments render him unable to work and, thus, that he is entitled to disability benefits under the Act.

2. Plaintiff applied for disability benefits on December 20, 2012. Plaintiff thereafter requested a hearing before an ALJ. On June 5, 2015, ALJ William M. Weir held a hearing in Buffalo, New York, at which Plaintiff appeared with counsel and testified. The ALJ considered the case *de novo*, and on September 25, 2015, issued a decision granting Plaintiff's application for benefits. Neither party appealed.

3. On November 13, 2015, the Appeals Council notified Plaintiff that it was *sua sponte* reviewing the ALJ's decision, and on January 19, 2016, the Appeals Council issued a remand order. The Appeals Council found two errors in the ALJ's decision. First, substantial evidence did not support the ALJ's determination that Plaintiff's anxiety disorder meets the "anxiety-related disorder" as an impairment under the regulations,

primarily because the opinions and records from treating psychologist Dr. Christopher Pino, upon which the ALJ heavily relied in reaching his initial determination, were not deserving of controlling weight. The Appeals Council heavily emphasized that while Dr. Pino treated Plaintiff regularly since April 2012 and ultimately diagnosed Plaintiff with depression and anxiety, his opinion deserved little weight because Plaintiff's alleged onset date was in 2007, five years before Dr. Pino treated him. The ALJ also found it problematic that "most" of Dr. Pino's notes were "handwritten and illegible." Second, the ALJ erred in concluding that Plaintiff's substance abuse disorders were not contributing factors material to the determination of disability. Accordingly, the Appeals Council remanded for the ALJ to, among other things, "further evaluate the medical and other opinions of record . . . explaining the reasons for the weight given to such opinion evidence." (R. at 143).

4. A second hearing was held before ALJ William M. Weir on March 4, 2016, at which Plaintiff and a vocational expert testified. At the outset of the hearing, Plaintiff amended his alleged onset date to April 16, 2012, which the ALJ accepted (Plaintiff's brief submitted in advance of the hearing also amended the outset date). (R. at 37-38, 363). On December 16, 2016, the ALJ issued a written decision denying Plaintiff's application for benefits. The Appeals Council denied Plaintiff's request for review on March 21, 2017. Plaintiff filed the current action on May 2, 2017, challenging the Commissioner's final decision.

5. On January 26, 2018, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 10). On April 18, 2018, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 15).

Plaintiff filed a reply on May 24, 2018 (Docket No. 18), at which time this Court took the matter under advisement without oral argument. For the following reasons, Plaintiff's motion is granted, and Defendant's motion is denied.

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

11. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since December 1, 2007, the alleged onset date[1] (R. at 20) (emphasis added); (2) Plaintiff's depressive disorder, anxiety disorder, and panic disorder are severe impairments within the meaning of the Act (R. at 20); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in the C.F.R. (R. at 21); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with nonexertional limitation that he can have incidental contact with the public and occasional contact with coworkers and supervisors (R. at 23); (5) Plaintiff was not capable of performing past relevant work as a Customer Service Representative/Cashier (R. at 27); and (6) Plaintiff can perform work as an Office Cleaner or Marker (R. at 28).

---

[1] As discussed infra, the appropriate onset date is April 16, 2012. (R. at 37-38, 363).

12. Plaintiff's brief raises three points. The first two are challenges to the decision below (that the ALJ misapplied the treating-physician rule and failed to sufficiently develop the record in accordance with the Remand Order). The third point is a request to remand for calculation of benefits. Having reviewed the ALJ's decision in light of Plaintiff's arguments, the Court finds reversible error.

13. Plaintiff argues that the ALJ misapplied the treating physician rule when it afforded Dr. Pino's opinion little weight based on both an erroneous onset date and for deeming Dr. Pino's notes "mostly illegible." (Pl.'s Br. at 26-32). Relatedly, Plaintiff argues that the ALJ compounded this error by not re-contacting Dr. Pino to clarify his opinion, in violation of the Appeals Council's remand order. (Pl.'s Br. at 19). "The SSA recognizes a rule of deference to the medical views of a physician who is engaged in the primary treatment of a claimant. Thus, the opinion of a claimant's treating physician as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (internal citation, quotation marks, and alterations omitted); 20 C.F.R. § 404.1527(d)(2).

14. Given the high deference afforded to the medical views of the treating physician, the ALJ must give "good reasons" for giving a treating physician's medical opinion less than controlling weight, and the failure to do so is grounds for remand. See 20 C.F.R. § 404.1527(c)(2); Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004). When the ALJ does not give a treating physician's medical opinion controlling weight, he must explain how he weighed the factors in 20 C.F.R. § 404.1527(c). See Reyes v. Barnhart,

6

226 F. Supp. 2d 523, 529 (S.D.N.Y. 2002). "[T]o override the opinion of the treating physician, [the Second Circuit has] held that the ALJ must explicitly consider, *inter alia*: (1) the frequen[c]y, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist." Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013). Here, the ALJ failed to give "good reasons" for affording Dr. Pino's opinion less than controlling weight for two reasons, both of which independently necessitate remand.

15. First, the ALJ primarily gave little weight to Dr. Pino's findings because "Dr. Pino did not start treating the claimant regularly until April 2012, five (5) years after the claimant's alleged disability onset date." (R. at 26). In so concluding, the ALJ relied on an erroneous onset date of 2007. But the record is clear that Plaintiff amended, and the ALJ accepted, his alleged onset date to April 16, 2012.[2] (R. at 37-38, 363). This error is especially concerning given that the record shows Dr. Pino regularly treated Plaintiff from 2012 to 2016, and his findings are thus probative to a determination on the merits. (R. at 473-86, 598-628, 645-46). Accordingly, the ALJ's finding with respect to "the frequency, length, nature, and extent of treatment" that Plaintiff received from Dr. Pino simply cannot be supported by substantial evidence because the ALJ reached that conclusion based on erroneous facts. See Padgett v. Colvin, No. 3:14-CV-504, 2014 WL 4269503, at *15 (M.D. Pa. Aug. 29, 2014) (remanding to ALJ because failure to analyze "the issue of

---

[2] SSR 83–20 defines "onset date" as "the first day an individual is disabled as defined in the [Social Security] Act and the regulations." The first step in determining the onset date is to assess whether the alleged impairment is of traumatic or non-traumatic origin. The mental impairments in this case are of "non-traumatic origin." Thus, under SSR 83–20, the "starting point in determining the date of onset of disability is the individual's statement as to when disability began." Here, as noted above, Plaintiff's statement is that the onset date was April 16, 2012.

7

disability from the wrong onset date" was not harmless error); cf. Rogers v. Astrue, 895 F. Supp. 2d 541, 552 (S.D.N.Y. 2012) ("Although neither Party has addressed this issue, the Court notes that the ALJ also committed legal error by failing to determine the onset date of Plaintiff's PTSD in accordance with Social Security Ruling 83–20 ("SSR 83–20") or to request the help of a medical advisor in inferring the onset date.").

16. Second, the ALJ rejected Dr. Pino's opinion because his "handwritten notes" "are not only difficult to read, but are mostly illegible." (R. at 26). Yet, the ALJ then concludes that the same illegible notes "fail to document that the claimant experienced recurrent panic attacks." (R. at 26). The ALJ's analysis here makes no sense; both things cannot be true. Compounding that error, the ALJ then concludes that Dr. Pino's illegible notes "are inconsistent with and contradicted by" other medical evidence in the record. (R. at 26). The Court finds difficulty concluding that such an analysis rests on substantial evidence, given the illegible nature of Dr. Pino's notes. "[I]t is insufficient for the ALJ to merely assert a conclusion about the treating physician's opinion without supplying supporting facts because in so doing ' . . . the ALJ [comes] dangerously close to . . . substituting his own judgment for that of a physician.'" Jackson v. Barnhart, No. 06-CV-0213, 2008 WL 1848624, at *7 (W.D.N.Y. Apr. 23, 2008) (quoting Brown v. Apfel, 174 F.3d 59, 63 (2d Cir. 1999)); cf. Scardamaglia v. Colvin, No. 13 C 5325, 2015 WL 9582427, at *5 (N.D. Ill. Dec. 30, 2015) ("Dr. Jilhewar's inability to read Dr. Lichon's extensive treatment notes belies the ALJ's conclusion that Dr. Jilhewar 'had the opportunity to review and evaluate the entire record' and 'provided a reasonable basis for the limitations determined in this case.' The ALJ's reliance upon Dr. Jilhewar in

disregarding Dr. Lichon's opinion that Claimant is disabled, therefore, is not supported by substantial evidence and remand is appropriate.").

17. "Although other reasons may exist to discount the opinion, the ALJ's determination to discount a legible treating physician opinion on the grounds that it is illegible was improper; at the very least, the ALJ should have contacted [Dr. Pino] to decipher those portions the ALJ found to be illegible," especially in light of the Appeals Council's January 19, 2016 remand order directing the ALJ to do so. Mura v. Colvin, No. 16-CV-6159P, 2017 WL 2543939, at *4 (W.D.N.Y. June 13, 2017); Stewart v. Colvin, No. 13-CV-0314(MAT), 2015 WL 4546050, at *8 (W.D.N.Y. July 28, 2015) ("plaintiff's treating physician's notes were contained within the record but were illegible[;] . . . the ALJ should have endeavored to clarify the treatment notes . . . ."); Jackson, 2008 WL 1848624, at *8 ("[the ALJ] should have obtained more detailed and clearer statements from her treating physician, especially since the medical records which appear in the administrative record are often illegible[;] . . . [t]here is no way for this court to determine whether the illegible information in these reports might have provided further support for plaintiff's claim") (internal quotations and brackets omitted).

18. The ALJ's opinion leaves far too much to interpretation. As Plaintiff's treating physician, the opinion of Dr. Pino must receive adequate consideration, in accordance with the applicable statutory authority. Remand is therefore required for the ALJ to properly consider the medical opinion evidence from the correct onset date of April 16, 2012, and for the ALJ to properly comply with the Appeals Council's January 19, 2016, Remand Order.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:    January 4, 2019
             Buffalo, NY

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                    United States District Judge